1  BRYAN J. SINCLAIR (SBN 205885)
   Email: bryan.sinclair@bipc.com
2  KARINEH KHACHATOURIAN (SBN 202634)
   Email: karineh.khachatourian@bipc.com
3  BUCHANAN INGERSOLL & ROONEY LLP
   333 Twin Dolphin Drive, Suite 700
4  Redwood Shores, California 94065-1418
   Telephone: (650) 622-2300
5  Facsimile: (650) 622-2499

6  GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
   Email: ggottlieb@grr.com
7  MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
   Email: mmisthal@grr.com
8  GOTTLIEB RACKMAN & REISMAN, P.C.
   270 Madison Avenue
9  New York, NY 10016-0601
   Telephone: (212) 684-3900
10 Facsimile: (212) 684-3999

11 Attorneys for Plaintiff,
   KNOLL, INC.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15 | KNOLL, INC., a Delaware corporation, | Case No. 08-CV-0778-MHP

16 |             Plaintiff,               | **KNOLL INC.'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO CONSIDER WHETHER CASES SHOULD BE RELATED**

17 |       vs.                            |

18 | DANRICK COMMERCE GROUP, LLC a/k/a    |
   | MODERNCOLLECTIONS.COM, DANNY         |
19 | LOUIE, and DOES A-Z, Retailers for   | **[Civil L.R. 3-12 and 7-11]**
   | Alphaville Design, Inc.,             |
20 |                                      | Judge: Honorable Marilyn H. Patel
   |             Defendants.              |
21 |                                      | Complaint filed: February 1, 2008
   |                                      | Trial date: None Set
22

23

24

25

26

27

28

1  Plaintiff KNOLL, INC. ("Knoll") files this Administrative Motion to Consider Whether
2  Cases Should be Related ("Motion") pursuant to Civil L.R. 3-12.  This motion is based upon this
3  Motion and Declaration of Karineh Khachatourian filed herewith, along with the papers, records,
4  and pleadings on file herein and on such other and further matters as may be determined by the
5  Court.

## I. PROCEDURE

To make an administrative request under Civil L.R. 7-11, a moving party must set forth specifically the action requested, and the reasons supporting the motion.  Such a motion must be accompanied by either (a) a stipulation of parties under Civil L.R. 7-12 or, (b) by a declaration explaining why a stipulation could not be reached.  A Declaration of Karineh Khachatourian Explaining Why a Stipulation Could Not be Reached is filed concurrently herewith.

## II. ACTION REQUESTED

Knoll respectfully requests that this Court grant this Motion and find that the case, entitled *Alphaville Design, Inc. v. Knoll, Inc.,* Case No. 07-CV-05569-MHP, is related to the case entitled *Knoll, Inc. v. Danrick Commerce Group, LLC, et al.,* Case No. 08-CV-0778-MHP, and should be consolidated and calendared on the same track[1].  Specifically, Knoll respectfully requests that the Court utilize the dates set in the case management order in the second filed action, *Knoll, Inc. v. Danrick Commerce Group, LLC, et al.* for both cases to ensure that all parties are served with the complaint and summons and can all participate in the ADR, Rule 26(f) and case management conferences.

## III. REASONS SUPPORTING THIS REQUEST

### A. The New York and California Lawsuits.

On September 7, 2007, Knoll filed suit for trademark infringement, unfair competition and related claims against, DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM ("Danrick"), and DANNY LOUIE ("Louie") in the United States

---

[1] Knoll has filed this Motion in both the Alphaville and Danrick Actions to avoid any doubt that all parties have been served.

- 1 -

MISC. ADMINISTRATIVE REQ. TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO.: 08-CV-0778-MHP

1  District Court for the Southern District of New York, Case No. 07-CIV-7892, and on November 8,
2  2007 amended the complaint to name ALPHAVILLE DESIGN, INC. ("Alphaville") and DAVID
3  LEE and PEGGY LEE ("the Lees") as additional defendants (hereinafter referred to the "the New
4  York Action").  *See* Declaration of Karineh Khachatourian in Support of Knoll Inc.'s Miscellaneous
5  Administrative Request to Consider Whether Cases Should be Related ("Khachatourian Decl."),
6  Exh.A.  Shortly thereafter, the Court in the New York Action suggested that the parties agree to
7  transfer the action to or Knoll re-file the action in the Northern District of California because the
8  majority of the defendants reside in that jurisdiction and venue.  Based on the New York Court's
9  suggestion, Knoll dismissed the New York Action without prejudice with the intent of re-filing in
10 the United States District Court for the Northern District of California.

11     However, prior to the dismissal of the New York action, Alphaville filed an action against
12 Knoll for declaratory relief of invalidity and non-infringement of the trademarks subject to the New
13 York Action (hereinafter referred to "the Alphaville Action").  *See* Alphaville Docket No. 1.
14 Alphaville's filing of its complaint was particularly underhanded given that the parties were also
15 engaged in settlement discussions at that time.  As discussed below, Alphaville's filing has now
16 created a procedural quagmire.

17     **B.    Knoll Asserts Its Trademark Infringement Claims Against All Of The Named Defendants In The New York Action.**
18

19     On January 15, 2008, Knoll reasserted its causes of action against Alphaville in the New
20 York Action as counterclaims in the Alphaville Action.  *See* Alphaville Docket No. 14.  Knoll also
21 asserted similar trademark infringement claims against the Lees, Danrick, and Louie that it
22 previously asserted in the New York Action as counterclaims in the Alphaville Action.  *See id.*

23     On January 22, 2008, Karineh Khachatourian, counsel for Knoll, contacted Philip Green of
24 the Law Offices of Green & Green, counsel for Alphaville, to confirm whether he would accept
25 service of Knoll's Counterclaim on behalf of the Lees, Danrick and Louie.  Khachatourian Decl., ¶
26 7. Counsel for Alphaville, accepted service on behalf of the Lees since they were principals of
27 Alphaville.  *Id.*  However, counsel for Alphaville stated that Neil Smith of the Sheppard Mullin firm
28 represented Danrick and Louie, as he did previously in the New York Action.  *Id.*

- 2 -

1   On January 22, 2008, counsel for Knoll also contacted Neil Smith to inquire whether he
2 represented Danrick and Louie and whether he would accept service on their behalf. Khachatourian
3 Decl., ¶ 8. On January 23, 2008, counsel for Knoll sent Mr. Smith an email requesting that he
4 confirm whether he was authorized to accept service on behalf of Danrick and Louie. Mr. Smith
5 did not timely respond to that email. Khachatourian Decl., Exh.B, ¶ 9.

6   To preserve its rights against Danrick and Louie, on February 1, 2007, Knoll filed a separate
7 action against Danrick and Louie in the Northern District for California, Case No. CV-08-0778
8 MHP (hereinafter referred to as "the Danrick Action"), wherein Knoll reasserted claims that were
9 substantially similar to those originally brought in the New York Action and those asserted as
10 counterclaims in the Alphaville Action. In doing so, Knoll indicated on the case cover sheet that
11 Danrick Action case was related to the Alphaville Action and the Danrick Action was assigned to
12 this Court. Danrick Docket No. 1.

13   After Knoll filed the Danrick Action and served one of the defendants, Mr. Smith contacted
14 counsel for Knoll and inquired why a separate lawsuit was filed. Counsel for Knoll explained that
15 by filing an action in California, Alphaville made it nearly impossible for Knoll to name the Lees,
16 Danrick and Louie as counter-defendants since counterclaims may only be asserted against parties
17 to the action. *See* F.R.Civ.P. 13. Indeed, the Clerk of this Court would not issue summons for
18 Danrick and Louie. Khachatourian Decl. ¶ 11.

19   Thereafter, Knoll met and conferred with counsel for the other parties and appeared to have
20 reached an agreement that joining those parties named as defendants in the Danrick Action as
21 counter-defendants in the Alphaville Action under Federal Rule of Civil Procedure 20 was the
22 necessary and proper procedure to streamline the prosecution of the parties' respective claims and
23 counterclaims asserted by the parties in the Alphaville and Danrick Actions. *See* 6 Wright, Miller
24 & Kane, Fed. Prac. & Proc. Civ.2d § 1435. In conjunction with that agreement, Knoll prepared a
25 stipulation and proposed order joining the Lees, Danrick and Louie as counter-defendants in the
26 Alphaville Action. Khachatourian Decl., Exh.C, ¶ 11. Upon execution by the parties, approval of
27 the stipulation by the Court and acceptance of service of summons by counsel, Knoll was prepared
28 to dismiss the Danrick Action. *See id.*

- 3 -

MISC. ADMINISTRATIVE REQ. TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO.: 08-CV-0778-MHP

After Knoll circulated the proposed stipulation, counsel for Danrick and Louie refused to provide comments or otherwise execute the stipulation. Khachatourian Decl., ¶ 11. With the upcoming deadlines in both the Alphaville and Danrick Actions, the need to resolve the issue of consolidation of these actions became imperative.

**C.    Good Cause Exists To Deem The Alphaville and Danrick Actions As Related And Consolidate Them Before This Court.**

Knoll's Request should be granted because both cases fit the definition of related cases as stated in Civil L.R. 3-12(a). Both actions concern the same parties, trademarks (U.S. Trademark Nos. 2,893,025; 2,894,977; 2,894,980; 2,894,979; 2,894,978 and 772,313), and causes of action under the Lanham Act. Specifically, the parties' respective claims and counterclaims asserted in the Alphaville and Danrick Actions all relate to the same series of transactions and occurrences and present common questions of law, i.e. the validity of Knoll's marks and the alleged infringement of those marks by a manufacture/supplier and its retailers and resellers.[2]

Also in agreement with Civil L.R. 3-12(a)(2), "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense" if these cases are not consolidated. Despite the fact that both actions relate to the same trademarks and alleged wrongdoing, they are now on different calendar tracks. *Compare* Khachatourian Decl., Exhs. D *and* E. For example, in the Alphaville Action, the parties are required to complete their Rule 26(f) conference, meet and confer regarding ADR and file their ADR Certifications and Stipulation to ADR Process on February 25, 2008. *Id*., Exh. D. However, in the Danrick Action, the parties are not required to do the same until April 21, 2008. *Id*., Exh. E. Likewise, the case management conference in the Alphaville Action is March 17, 2008, while the case management conference in the Danrick Action is scheduled for May 12,

---

[2] These considerations also support Knoll's original attempt to reach an agreement to join the Lees, Danrick and Louie as Counter-Defendants in the Alphaville Action. *See, e.g., Privasys, Inc. v. Visa Internat'l,* 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007) (joinder was proper where plaintiff sought relief for patent infringement against both the supplier and its customers); *Naxon Telesign Corp. v. GTE Information Sys., Inc.*, 89 F.R.D. 333, 338-39 (D.C. Ill. 1980) (where a patent infringement suit against manufacturer and customers would take place simultaneously, joinder rather than staying claims against customers is proper).

- 4 -

MISC. ADMINISTRATIVE REQ. TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO.: 08-CV-0778-MHP

1  2008.  *Id.*

2      In light of the foregoing, deeming the cases as related and/or consolidating them would be in
3  the interests of judicial economy and conserve the resources of the parties by preventing multiple
4  lawsuits and expediting the final determination of the parties' dispute in a single action.  In that
5  regard, since not all of the parties have been served in the Danrick Action, it would be in the
6  interests of judicial economy to vacate the case management schedule in the Alphaville Action and
7  adopt the case management schedule in the Danrick Action for both cases.

Dated: February 22, 2008         BUCHANAN INGERSOLL & ROONEY LLP

/s/ Karineh Khachatourian
By:  Karineh Khachatourian
     Attorneys for Plaintiff,
     KNOLL, INC.

*OF COUNSEL*

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

Attorneys for Plaintiff,
KNOLL, INC.

#1036071-v1