1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   NEIL A. SMITH, Cal. Bar No. 63777
3  NATHANIEL BRUNO, Cal. Bar No. 228118
   Four Embarcadero Center, 17th Floor
4  San Francisco, California  94111-4106
   Telephone:     415-434-9100
5  Facsimile:     415-434-3947
   E-mail:        nsmith@smrh.com
6                 nbruno@smrh.com

7  Attorneys for Defendants DANRICK COMMERCE GROUP, LLC a/k/a
8  MODERNCOLLECTIONS.COM and DANNY LOUIE

9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

| KNOLL, INC., a Delaware corporation, | Case No. 08-CV-0778 MHP |
|---|---|
| Plaintiff, | STATEMENT OF IMPROPERLY INCLUDED COUNTERCLAIM DEFENDANTS IN FIRST NORTHERN DISTRICT OF CALIFORNIA CASE (No. 07-CV-05569-MHP) AND DEFENDANTS IN SECOND NORTHERN DISTRICT OF CALIFORNIA CASE (No. 08-CV-0778-MHP) [DANRICK COMMERCE GROUP, LLC AND DANNY LOUIE] IN RESPONSE TO ADMINISTRATIVE REQUEST TO RELATE CASES |
| v. | |
| DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM, DANNY LOUIE, and DOES A–Z, Retailers for Alphaville Design, Inc., | |
| Defendants. | |
| | Honorable Marilyn Hall Patel
United States District Judge |

         Defendants DANRICK COMMERCE GROUP, LLC a/k/a

MODERNCOLLECTIONS.COM ("Danrick") and DANNY LOUIE ("Louie") do not object

solely to the relation of these cases pursuant to Civil Local Rule 3-12 (*i.e.*, *Alphaville Design, Inc.

v. Knoll, Inc.*, Case No. 07-CV-05569-MHP and *Knoll, Inc. v. Danrick Commerce Group, LLC et

al.*, Case No. 08-CV-0778-MHP) or to the combined scheduling of them according to the case

-1-

W02-WEST:5NAS1\400727492.2
Case No. 08-CV-0778 MHP

STATEMENT OF DANRICK COMMERCE GROUP, LLC AND DANNY LOUIE IN RESPONSE TO ADMINISTRATIVE REQUEST TO RELATE CASES

1  management schedule currently established in this action (*i.e.*, the schedule for *Knoll, Inc. v.*

2  *Danrick Commerce Group, LLC et al.*, Case No. 08-CV-0778-MHP, at Docket No. 2).

3         However, Danrick and Louie <u>do object</u> to the incorrect and vexatious filing of three

4  expensive lawsuits against them by plaintiff Knoll, Inc., first across the country in the Southern

5  District of New York, and then twice more here in the Northern District of California, in a case

6  which the evidence will show has no merit, and is a blatant attempt by Knoll, Inc. to harass a mere

7  customer (as well as an individual owner) of declaratory judgment plaintiff Alphaville Design Inc.

8  (*i.e.*, Danrick and Louie), to increase the expenses of Danrick and Louie, and attempt to force a

9  settlement to which plaintiff Knoll, Inc. is not entitled.

10        As to the merits, plaintiff Knoll, Inc. has obtained trademark registrations in the

11 United States Patent and Trademark Office to which it is not entitled, for designs which are public

12 domain, by making claims and using statements of the New York Museum of Modern Art which

13 are contradicted by a publication of the Museum of Modern Art.  Danrick and Louie certainly do

14 not intend to prove their case at this time, but make this point to provide the background pursuant

15 to which plaintiff Knoll, Inc. has improperly filed <u>three cases</u> against them (the first across the

16 country in the Southern District of New York without jurisdiction), in order to unfairly increase

17 the cost to Danrick and Louie.

18        As to the relation of the cases (*i.e.*, *Alphaville Design, Inc. v. Knoll, Inc.*, Case No.

19 07-CV-05569-MHP and *Knoll, Inc. v. Danrick Commerce Group, LLC et al.*, Case No. 08-CV-

20 0778-MHP), Danrick and Louie have no objection to relating these cases within the meaning of

21 Civil L.R. 3-12, or to adhering to the case management deadlines currently set in <u>this action</u> (Case

22 No. 08-CV-0778-MHP), as long as it is clear, as provided in Danrick and Louie's Proposed Order

23 submitted herewith, that none of the conditions plaintiff Knoll, Inc. attempted to force on Danrick

24 and Louie in Knoll, Inc.'s purported "Stipulation" apply.  (*See* the purported "Stipulation" at

25 Khachatourian Declaration [Docket No. 8] at Ex. C.)

26        It should be noted that the proposed "Stipulation" which Knoll sought to force

27 Danrick and Louie to sign (which is now used as an improper excuse for Knoll to bring this so-

28 called "Administrative Request") was in no way designed to accomplish what Knoll now requests

-2-

W02-WEST:5NAS1\400727492.2
Case No. 08-CV-0778 MHP

STATEMENT OF DANRICK COMMERCE GROUP,
LLC AND DANNY LOUIE IN RESPONSE TO
ADMINISTRATIVE REQUEST TO RELATE CASES

of this Court, *i.e.*, the relationship of the cases and the scheduling of case management deadlines according to the case management schedule currently set in this action (the later case, Case No. 08-CV-0778-MHP, at Docket No. 2). (*See* the purported "Stipulation" at Khachatourian Declaration [Docket No. 8] at Ex. C.) Instead, the "Stipulation" was designed to accomplish the very opposite, which was, of course, the reason why it was not signed by Danrick and Louie. (*See id.*)

Plaintiff Knoll, Inc. erroneously sued Danrick and Louie as counterclaim-defendants in Knoll's counterclaim in the first Northern District of California action, which was filed by Alphaville Design, Inc. (*i.e.*, *Alphaville Design, Inc. v. Knoll, Inc.*, Case No. 07-CV-05569-MHP). That purported counterclaim by Knoll, Inc. against Danrick and Louie was the *second* case Knoll brought against Danrick and Louie (the first was the action brought by Knoll, Inc. in the Southern District of New York). Knoll, Inc.'s bringing a purported counterclaim against Danrick and Louie, who were not plaintiffs or any other type of party to the Alphaville Action (Case No. 07-CV-05569-MHP), is a clearly incorrect and improper procedure. Knoll, Inc. could not get a summons issued (Khachatourian Declaration [Docket No. 8] at ¶ 11), yet asked Danrick and Louie's counsel to accept service of an improper action, where no summons could issue to be served. There was nothing to accept service on, because no summons could be issued.

Knoll's proffered "Stipulation" (*see* Khachatourian Declaration [Docket No. 8] at Ex. C) sought to accomplish something improper procedurally, asked for acceptance of a summons where one could not properly be issued, and did not ask to relate the cases or adopt the schedule of this action which Knoll, Inc. now tries to accomplish through its purported Administrative Request. Knoll's proffered "Stipulation" did not seek to relate the cases, but rather sought to dismiss the second Northern District of California case (*Knoll, Inc. v. Danrick Commerce Group, LLC et al.*, Case No. 08-CV-0778-MHP), which is actually the *third* case brought by Knoll, Inc. against Danrick and Louie. The "Stipulation" inappropriately sought to extinguish Danrick and Louie's rights to the remedies available under Fed. R. Civ. Proc. 41, which include, *inter alia*, a dismissal with prejudice and recovery of costs. (*See* Khachatourian Declaration [Docket No. 8] at Ex. C, ¶ 5.) This gamesmanship is improper.

1  The Court must preserve all of Danrick and Louie's rights.  The purported "Stipulation" [Khachatourian Declaration [Docket No. 8] at Ex. C)] used as an excuse for Knoll, Inc.'s purported Administrative Request here did not seek to relate the Northern District of California cases, but sought a different schedule, putting new defendants Danrick and Louie on the schedule of the earlier-filed Northern District of California action (*i.e.*, Case No. 07-CV-05569-MHP), rather than what is now proffered, which is to relate the two Northern District of California actions and adhere to the case management schedule set in this later-filed action (*i.e.*, Case No. 08-CV-0778-MHP, at Docket No. 2).  Again, it is clear why the purported "Stipulation" was not acceptable to any of the parties Knoll, Inc. tried to coerce into signing it.

Accordingly the Court should certainly add to Knoll, Inc.'s proffered Proposed Order on its "Administrative Request" at least the following language:

> "This Order is without prejudice to any of the rights of Danrick Commerce Group, LLC a/k/a Moderncollections.com and Danny Louie (parties to this action, Case No. 08-CV-0778-MHP), as well as without prejudice to any of the rights of Alphaville Design, Inc, David Lee, and Peggy Lee (parties to Case No. 07-CV-05569-MHP), including, without limitation, the right to seek a stay or dismissal of either action and/or all remedies available under Fed. R. Civ. P. 41.

A Proposed Order along the lines of the positions set forth above is submitted herewith by Danrick and Louie.

DATED:  February 27, 2008

          Respectfully submitted,

          SHEPPARD MULLIN RICHTER & HAMPTON LLP


          By  /s/ Neil A. Smith
          NEIL A. SMITH
          NATHANIEL BRUNO

          Attorneys for
          DANRICK COMMERCE GROUP, LLC and DANNY LOUIE

-4-