1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2    Including Professional Corporations
   NEIL A. SMITH, Cal. Bar No. 63777
3  NATHANIEL BRUNO, Cal. Bar No. 228118
   Four Embarcadero Center, 17th Floor
4  San Francisco, California  94111-4106
   Telephone:    415-434-9100
5  Facsimile:    415-434-3947
   E-mail:        nsmith@smrh.com
6                    nbruno@smrh.com

7  Attorneys for Defendants DANRICK COMMERCE
   GROUP, LLC a/k/a
8  MODERNCOLLECTIONS.COM and DANNY
   LOUIE

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  KNOLL, INC., a Delaware corporation,          Case No. 08-CV-0778 MHP

14                    Plaintiff,                              DEFENDANTS' (DANRICK COMMERCE
                                                             GROUP, LLC AND DANNY LOUIE)
15           v.                                              ANSWER TO PLAINTIFF'S COMPLAINT

16  DANRICK COMMERCE GROUP, LLC a/k/a            AND
   MODERNCOLLECTIONS.COM, DANNY
17  LOUIE, and DOES A–Z, Retailers for            DANRICK COMMERCE GROUP, LLC'S
   Alphaville Design, Inc.,                        COUNTERCLAIMS FOR DECLARATORY
18                                                           RELIEF
                    Defendants.
19                                                           AND

20                                                           DEMAND FOR JURY TRIAL

21                                                           Honorable Marilyn Hall Patel
                                                             United States District Judge
22
                                                             Complaint Filed:  February 1, 2008
23  DANRICK COMMERCE GROUP, LLC a/k/a
   MODERNCOLLECTIONS.COM, a
24  California limited liability company,

25                    Counterclaimant,
             v.
26
   KNOLL, INC., a Delaware corporation,
27
                    Counterdefendant.
28

-1-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

# ANSWER

Defendants DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM and DANNY LOUIE and each of them (hereafter referred to as "Defendants"), by their counsel of record herein, hereby answer the Complaint For Trademark Infringement and Related Causes ("Complaint") of Plaintiff KNOLL, INC. (hereafter "Plaintiff" or "Knoll") as follows:

## JURISDICTION AND VENUE

1.      Defendants allege that Paragraph 1 of Plaintiff's Complaint states mere legal conclusions and statements of law to which no response is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations in Paragraph 1 of Plaintiff's Complaint, and thus deny the same.

2.      Defendants allege that Paragraph 2 of Plaintiff's Complaint states mere legal conclusions and statements of law to which no response is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations in Paragraph 2 of Plaintiff's Complaint, and thus deny the same.

## THE PARTIES

3.      Defendants admit that, on information and belief, Plaintiff claims to be a corporation organized and existing under the laws of the State of Delaware, but are without information sufficient to form a belief as to the remaining allegations in Paragraph 3 of Plaintiff's Complaint, and thus deny the same.

4.      Defendants are without information sufficient to form a belief as to the allegations in Paragraph 4 of Plaintiff's Complaint, and thus deny the same.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AND DANRICK'S COUNTERCLAIMS FOR DECLARATORY RELIEF

5.      Defendants are without information sufficient to form a belief as to the allegations in Paragraph 4 of Plaintiff's Complaint, and thus deny the same.

6.      Defendants are without information sufficient to form a belief as to the allegations in Paragraph 4 of Plaintiff's Complaint, and thus deny the same.

7.      Upon information and belief, Defendants admit that Alphaville Design, Inc. ("Alphaville") is a business organized and existing under the laws of the State of Delaware, maintaining a place of business at 41460 Christy Street, Fremont, California 94538.

8.      Upon information and belief, Defendants admit that Alphaville sells its furniture products throughout many of the United States, and admit that Alphaville sells furniture products to or through retailer Defendant DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM, but are without information sufficient to form a belief as to the remaining allegations in Paragraph 8 of Plaintiff's Complaint, and thus deny the same.

9.      Defendants admit that Danny Louie is an individual, but deny that Danny Louie is "maintaining a place of business" at 1564-A Fitzgerald Drive #283, Pinole, California, 94564 as that phrase appears to be used in Paragraph 9 of Plaintiff's Complaint, although it is vague and ambiguous in this context.

10.     Defendants admit that Defendant DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM ("ModernCollections") is a business organized and existing under the laws of the State of California and that Defendant DANNY LOUIE ("Louie") is an owner of ModernCollections, but deny that ModernCollections is "maintaining a place of business" at 1564-A Fitzgerald Drive #283, Pinole, California, 94564 as that phrase appears to be used in Paragraph 10 of Plaintiff's Complaint, although it is vague and ambiguous in this context. Defendants allege that the remaining allegations of Paragraph 10 of Plaintiff's Complaint state

-3-

mere legal conclusions and statements of law to which no response is required, but to the extent a response is required, said allegations are vague and ambiguous as to the purported meaning of "controls" and "directs," and Defendants are without information sufficient to form a belief as to said allegations, and thus deny the same.

11.    Defendants admit that Defendant ModernCollections conducts business over the Internet through its Web site at http://www.moderncollections.com.

12.    Defendants allege that the allegations of Paragraph 12 of Plaintiff's Complaint state mere legal conclusions and statements of law to which no response is required, but to the extent a response is required, Defendants are without information sufficient to form a belief as to said allegations, and thus deny the same, and further specifically deny that they have committed tortious acts within this district.

13.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 13 of Plaintiff's Complaint, and thus deny the same.

## FACTS COMMON TO ALL COUNTS
## LUDWIG MIES VAN DER ROHE

14.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 14 of Plaintiff's Complaint, and thus deny the same.

15.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 15 of Plaintiff's Complaint, and thus deny the same.

16.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 16 of Plaintiff's Complaint, and thus deny the same.

-4-

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AND DANRICK'S COUNTERCLAIMS FOR DECLARATORY RELIEF

**THE GERMAN PAVILION**

17.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 17 of Plaintiff's Complaint, and thus deny the same.

A.  The Barcelona Chair

18.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 18 of Plaintiff's Complaint, and thus deny the same.

B.  The Barcelona Stool

19.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 19 of Plaintiff's Complaint, and thus deny the same.

C.  The Barcelona Couch

20.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 20 of Plaintiff's Complaint, and thus deny the same.

**THE TUGENDHAT HOUSE**

21.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 21 of Plaintiff's Complaint, and thus deny the same.

A.  The Flat Brno Chair

22.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 22 of Plaintiff's Complaint, and thus deny the same.

B.  The Barcelona Table

23.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 23 of Plaintiff's Complaint, and thus deny the same.

**KNOLL AND ITS RIGHTS IN THE BARCELONA COLLECTION**

24.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 24 of Plaintiff's Complaint, and thus deny the same.

25.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 25 of Plaintiff's Complaint, and thus deny the same.

26.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 26 of Plaintiff's Complaint, and thus deny the same.

27.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 27 of Plaintiff's Complaint, and thus deny the same.

28.    Defendants are without information sufficient to form a belief as to the allegations of Paragraph 28 of Plaintiff's Complaint, and thus deny the same.

29.     Defendants admit that Plaintiff maintains an Internet Web site at http://www.knoll.com which contains information about Plaintiff's furniture products, but are without information sufficient to form a belief as to the remaining allegations in Paragraph 29 of Plaintiff's Complaint, and thus deny the same.

30.     Defendants deny all of the allegations of Paragraph 30 of Plaintiff's Complaint.

### KNOLL'S TRADEMARK REGISTRATIONS

31.     Defendants admit that Plaintiff's registration for trademark No. 2,893,025 appears on the Register of the United States Patent and Trademark Office and that a copy of that registration appears to be attached to Plaintiff's Complaint as Exhibit 2 and speaks for itself, but allege that said trademark registration is invalid and should be cancelled, and further deny the remaining allegations of Paragraph 31 of Plaintiff's Complaint.

32.     Defendants admit that Plaintiff's registration for trademark No. 2,894,977 appears on the Register of the United States Patent and Trademark Office and that a copy of that registration appears to be attached to Plaintiff's Complaint as Exhibit 3 and speaks for itself, but allege that said trademark registration is invalid and should be cancelled, and further deny the remaining allegations of Paragraph 32 of Plaintiff's Complaint.

33.     Defendants admit that Plaintiff's registration for trademark No. 2,894,980 appears on the Register of the United States Patent and Trademark Office and that a copy of that registration appears to be attached to Plaintiff's Complaint as Exhibit 4 and speaks for itself, but allege that said trademark registration is invalid and should be cancelled, and further deny the remaining allegations of Paragraph 33 of Plaintiff's Complaint.

W02-WEST:6NB1\400736461.2
Case No. 08-CV-0778 MHP

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

34.     Defendants admit that Plaintiff's registration for trademark No. 2,894,979 appears on the Register of the United States Patent and Trademark Office and that a copy of that registration appears to be attached to Plaintiff's Complaint as Exhibit 5 and speaks for itself, but allege that said trademark registration is invalid and should be cancelled, and further deny the remaining allegations of Paragraph 34 of Plaintiff's Complaint.

35.     Defendants admit that Plaintiff's registration for trademark No. 2,894,978 appears on the Register of the United States Patent and Trademark Office and that a copy of that registration appears to be attached to Plaintiff's Complaint as Exhibit 6 and speaks for itself, but allege that said trademark registration is invalid and should be cancelled, and further deny the remaining allegations of Paragraph 35 of Plaintiff's Complaint.

36.     Defendants are without information sufficient to form a belief as to the allegations in Paragraph 36 of Plaintiff's Complaint, and thus deny the same.

37.     Defendants admit that U.S. Trademark Registration No. 772,313 purports to be for the mark BARCELONA and that a printout from the Web site of the United States Patent and Trademark Office purporting to show the particulars of said trademark registration appears to be attached to Plaintiff's Complaint as Exhibit 7 and speaks for itself, but allege that said trademark registration is invalid and should be cancelled, and further deny the remaining allegations of Paragraph 37 of Plaintiff's Complaint.

## MODERNCOLLECTIONS

38.     Defendants admit the allegations of Paragraph 38 of Plaintiff's Complaint.

39.     Defendants admit that printouts of pages from Defendant ModernCollections' Web site appear to be attached to Plaintiff's Complaint as Exhibit 8 and that the documents speak for

-8-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

themselves, but are without information sufficient to form a belief as to the remaining allegations in Paragraph 39 of Plaintiff's Complaint, and thus deny the same.

40.    Defendants admit that Plaintiff claims to have sent a letter to Defendant ModernCollections dated June 26, 2007 and that Defendant ModernCollections did not respond in writing to that letter, but are without information sufficient to form a belief as to the remaining allegations in Paragraph 40 of Plaintiff's Complaint, and thus deny the same.

41.    Defendants admit that Plaintiff claims to have sent a letter to Defendant ModernCollections dated July 19, 2007 that included a draft complaint and that Defendant ModernCollections did not respond in writing to that letter, but are without information sufficient to form a belief as to the remaining allegations in Paragraph 41 of Plaintiff's Complaint, and thus deny the same.

42.    Defendants deny all of the allegations of Paragraph 42 of Plaintiff's Complaint.

**ALPHAVILLE**

43.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 43 of Plaintiff's Complaint, and thus deny the same.

44.    Defendants admit that Alphaville is a supplier to ModernCollections, but are without information sufficient to form a belief as to the remaining allegations in Paragraph 44 of Plaintiff's Complaint, and thus deny the same.

45.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 45 of Plaintiff's Complaint, and thus deny the same.

W02-WEST:6NB1\400736461.2

Case No. 08-CV-0778 MHP

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

46.    Defendants deny all of the allegations of Paragraph 46 of Plaintiff's Complaint.

## COUNT I [TRADEMARK INFRINGEMENT]

47.    Defendants cannot respond to Paragraph 47 of Plaintiff's Complaint because it "repeats and realleges each allegation in paragraphs 50-102," which paragraphs had not yet been pled.  To the extent a response is required, Defendants repeat their responses to Paragraphs 1-46 of Plaintiff's Complaint, as well as their responses to any other paragraphs Plaintiff may attempt to claim it was referencing in Paragraph 47 of its Complaint, as though fully set forth herein.

48.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 48 of Plaintiff's Complaint, and thus deny the same.

49.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 49 of Plaintiff's Complaint, and thus deny the same.

50.    Defendants deny all of the allegations of Paragraph 50 of Plaintiff's Complaint.

51.    Defendants deny all of the allegations of Paragraph 51 of Plaintiff's Complaint, and further specifically deny that Plaintiff has sustained any harm or damages or that Plaintiff is entitled to relief of any kind.

52.    Defendants deny all of the allegations of Paragraph 52 of Plaintiff's Complaint.

53.    Defendants note that there is no factual basis for Plaintiff's allegations and that "said acts" are unknown, and deny all of the allegations of Paragraph 53 of Plaintiff's Complaint.

54.    Defendants note that there is no factual basis for Plaintiff's allegations and that "Defendants' acts" are unknown, and deny all of the allegations of Paragraph 54 of Plaintiff's Complaint, and further specifically deny that Plaintiff has sustained any harm or damages or that Plaintiff is entitled to relief of any kind.

## COUNT II [FALSE DESIGNATION OF ORIGIN]

55.    Defendants cannot respond to Paragraph 55 of Plaintiff's Complaint because it "repeats and realleges each allegation in paragraphs 50-110," many paragraphs of which had not yet been pled.  To the extent a response is required, Defendants repeat their responses to Paragraphs 1-54 of Plaintiff's Complaint, as well as their responses to any other paragraphs Plaintiff may attempt to claim it was referencing in Paragraph 55 of its Complaint, as though fully set forth herein.

56.    Defendants deny all of the allegations of Paragraph 56 of Plaintiff's Complaint.

57.    Defendants deny all of the allegations of Paragraph 57 of Plaintiff's Complaint.

58.    Defendants deny all of the allegations of Paragraph 58 of Plaintiff's Complaint.

59.    Defendants deny all of the allegations of Paragraph 59 of Plaintiff's Complaint.

60.    Defendants note that there is no factual basis for Plaintiff's allegations and that "Defendants' acts" are unknown, and deny all of the allegations of Paragraph 60 of Plaintiff's Complaint, and further specifically deny that Plaintiff has sustained any harm or damages or that Plaintiff is entitled to relief of any kind.

## COUNT III [COMMON LAW UNFAIR COMPETITION]

-11-

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AND DANRICK'S COUNTERCLAIMS FOR DECLARATORY RELIEF

61.    Defendants cannot respond to Paragraph 61 of Plaintiff's Complaint because it "repeats each allegation in paragraphs 50-117," many paragraphs of which had not yet been pled. To the extent a response is required, Defendants repeat their responses to Paragraphs 1-60 of Plaintiff's Complaint, as well as their responses to any other paragraphs Plaintiff may attempt to claim it was referencing in Paragraph 61 of its Complaint, as though fully set forth herein.

62.    Defendants deny all of the allegations of Paragraph 62 of Plaintiff's Complaint.

63.    Defendants deny all of the allegations of Paragraph 63 of Plaintiff's Complaint.

64.    Defendants deny all of the allegations of Paragraph 64 of Plaintiff's Complaint.

65.    Defendants note that there is no factual basis for Plaintiff's allegations and that "defendants' acts" are unknown, and deny all of the allegations of Paragraph 65 of Plaintiff's Complaint, and further specifically deny that Plaintiff has sustained any harm or damages or that Plaintiff is entitled to relief of any kind.

## **COUNT IV [DILUTION]**

66.    Defendants cannot respond to Paragraph 66 of Plaintiff's Complaint because it "repeats and realleges each allegation of paragraphs 50-122," many paragraphs of which had not yet been pled.  To the extent a response is required, Defendants repeat their responses to Paragraphs 1-65 of Plaintiff's Complaint, as well as their responses to any other paragraphs Plaintiff may attempt to claim it was referencing in Paragraph 66 of its Complaint, as though fully set forth herein.

67.    Defendants deny all of the allegations of Paragraph 67 of Plaintiff's Complaint.

-12-

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AND DANRICK'S COUNTERCLAIMS FOR DECLARATORY RELIEF

68.    Defendants deny all of the allegations of Paragraph 68 of Plaintiff's Complaint, and further specifically deny that Plaintiff has sustained any harm or damages or that Plaintiff is entitled to relief of any kind.

69.    Defendants note that there is no factual basis for Plaintiff's allegations and that "defendants' acts" are unknown, and deny all of the allegations of Paragraph 69 of Plaintiff's Complaint, and further specifically deny that Plaintiff has sustained any harm or damages or that Plaintiff is entitled to relief of any kind.

### COUNT V [VIOLATION OF CAL. BUS. & PROF. CODE §17200, ET SEQ.]

70.    Defendants cannot respond to Paragraph 70 of Plaintiff's Complaint because it "repeats each allegation in paragraphs 50-126," many paragraphs of which had not yet been pled. To the extent a response is required, Defendants repeat their responses to Paragraphs 1-69 of Plaintiff's Complaint, as well as their responses to any other paragraphs Plaintiff may attempt to claim it was referencing in Paragraph 70 of its Complaint, as though fully set forth herein.

71.    Defendants deny all of the allegations of Paragraph 71 of Plaintiff's Complaint.

72.    Defendants deny all of the allegations of Paragraph 72 of Plaintiff's Complaint.

73.    Defendants note that there is no factual basis for Plaintiff's allegations and that the purported "wrongful acts of Defendants" are unknown, and deny all of the allegations of Paragraph 73 of Plaintiff's Complaint, and further specifically deny that Plaintiff has sustained any harm or damages or that Plaintiff is entitled to relief of any kind.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

**DEFENDANTS' AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

*Failure to State Claims*

1.      The Complaint fails to state claims upon which relief can be granted against answering Defendants DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM and DANNY LOUIE and each of them (hereafter referred to as "Defendants").

SECOND AFFIRMATIVE DEFENSE

*Lack of Jurisdiction Over the Person [Fed. R. Civ. P. 8, 12(b)]*

2.      Defendant DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM ("ModernCollections") is an active limited liability company organized and existing under the laws of the State of California as LLC No. 200711610224, with its principal place of business located at 6736 Preston Ave., Suite D, Livermore, CA, 94551.

3.      Defendant DANNY LOUIE ("Louie") is a natural person who did nothing regarding the allegations of Plaintiff KNOLL, INC. ("Plaintiff" or "Knoll").

4.      Louie has done no acts that constitute any violation of Plaintiff's alleged trademark or trade dress rights.

5.      Defendant ModernCollections acted in its own name and capacity at all material times alleged herein, and as the limited liability company that it is.

-14-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

6.    There is no unity of interest or ownership between the limited liability company ModernCollections and the named individual Defendant Louie.

7.    The separate existence of Defendant ModernCollections and Defendant Louie is such that no inequitable result will follow from ModernCollections being the only Defendant.

## THIRD AFFIRMATIVE DEFENSE

### *No Attorneys' Fees*

8.    Plaintiff's Complaint and claims do not state any facts upon which a claim of relief or any claims for attorneys' fees may be maintained against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### *Plaintiff's Contributory Negligence*

9.    The injuries complained of, if any, were contributed to by Plaintiff's own negligence, and by reason thereof, Plaintiff's recovery, if any, against Defendants should be barred or reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

### *Laches, Acquiescence, Design in Public Domain*

10.    Plaintiff is not entitled to maintain this suit or to assert infringement by reason of laches and acquiescence.

11.    Plaintiff's alleged design marks have been, on information and belief, in open, continuous, and extensive use by Defendants and many other furniture sellers who have relied upon Plaintiff's acquiescence and delay for over 40 years of continuous manufacture of mid-20th Century-genre furniture before and after Plaintiff applied for a trademark under the Lanham Act.

-15-

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AND DANRICK'S COUNTERCLAIMS FOR DECLARATORY RELIEF

12.     Plaintiff's failure to enforce its alleged rights in allowing the alleged design trademarks/trade dress to be openly used by the public without enforcement for decades allowed those relying on that inaction to make agreements with suppliers, invest large sums, and establish business and good will, in reliance thereon.

13.     Plaintiff allowed its alleged trademark/trade dress designs to fall into, lapse, and continue to be a part of, the Public Domain in mid-20th Century-genre furniture designs for over 40 years, and allowed its alleged trademark/trade dress designs to not acquire or otherwise lose secondary meaning.

14.     Over forty years of non-exclusive use resulted in an abandonment of any trademark/trade dress rights that Plaintiff might have had in any original designs.

15.     On information and belief, Defendants allege that in or about 1964, Mies van der Rohe himself believed that his designs were unable to be protected, according to the New York Museum of Modern Art.

16.     In reliance of the open and notorious use of the designs by many entities, upon information and belief, often with Plaintiff's knowledge, Defendant ModernCollections, and others, spent sums on, and would lose, money invested in its business, and would also lose goodwill and suffer other potential damages if Plaintiff's anti-competitive acts were to continue.

SIXTH AFFIRMATIVE DEFENSE

*Estoppel*

17.     Plaintiff is estopped to allege that any acts of the Defendants constitute a violation of any rights of Plaintiff.

-16-

18.     Plaintiff represented to the United States Patent and Trademark Office in its trademark applications that there were no patents that cover alleged designs in the goods at issue in order to obtain its trademark registrations.  On information and belief, however, Defendants allege that Mies van der Rohe and/or Plaintiff had at least several German patent registrations in the 1950s on Plaintiff's alleged trademarks/trade dress asserted in this lawsuit.

19.     Plaintiff does not own any patents or copyrights in the designs of the alleged design marks and furniture sought to be protected through this action, and there are not and can be no valid patents or copyrights thereon, at this time.

20.     Plaintiff does not have any license agreement with Mr. van der Rohe or any other person or entity that grants to Plaintiff the rights it alleges in its Complaint and the claims therein.

SEVENTH DEFENSE

*Invalidity of Trademarks and Trade Dress; Subject to Cancellation*

21.     Further answering the claims herein, Defendants aver that the alleged trademarks are invalid, cancelable, and void, and should be cancelled by the Court.

22.     The claims of trade dress and trademark rights made by Plaintiffs are for designs that are generic and functional and lack secondary meaning.  A mere drawing of a functional design cannot become the subject of trade dress in violation of the Lanham Act, the rules and regulations of the United States Patent and Trademark Office ("PTO"), and of federal patent and copyright statutes.

23.     The alleged Principal Register registrations of Plaintiff in 2004 have not become incontestable.  Defendants assert all legal and equitable defenses and defects therefore, including

-17-

1    those set forth in Lanham Act Section 33(b), which might have been asserted if such marks had

2    not been registered.

3

4    24.    The alleged Principal Register registration of Plaintiff in Reg. No. 772,313 is

5    cancelable by reason of, *inter alia*, misrepresentation and/or fraud.

6

7    25.    The designs, and each of them, are in the public domain, and have been used and in

8    the Public Domain for decades without policing or any action by Plaintiff.  On information and

9    belief, Plaintiff's applications for the 2004 marks allege that there was a license from Mies van der

10   Rohe to Plaintiff that included the designs.  On information and belief, Defendants allege that to

11   the extent that any such licenses existed, there is strong evidence that Mr. van der Rohe only

12   licensed his name and/or his signature to Plaintiff to use it on certain furniture, and that Plaintiff

13   paid Mr. van der Rohe a minimal flat fee for this use.  On information and belief, Plaintiff never

14   had a license for use of Mr. van der Rohe's designs because he did not want to give anyone an

15   exclusive right to them and believed they were unable to be protected at that time.  On information

16   and belief, Mr. van der Rohe had German patents on some of the designs that had expired, proving

17   the functional nature of the alleged trade dress or trademarks.  On information and belief, Plaintiff

18   did not provide all facts and withheld facts and pertinent pages of references known to Plaintiff

19   from the PTO in procuring its registrations from the PTO.

20

21   26.    Plaintiff has no secondary meaning in any of the alleged marks.

22

23   27.    The alleged marks and trade dress are cancelable for, *inter alia*, the following

24   further reasons:

25

26   a.    The design of the alleged "DESIGN" (chair) Reg. No. 2,893,025 has spring

27   legs that are primarily functional, to make a springing action when a person is seated on it,

28   designed for comfort.  On information and belief, the design of the cushions in square patterns is

-18-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

designed to function with evenly spread stress points so that the seat is both more comfortable and will wear more evenly.  On information and belief, the small generic button cushion and back structure is also functional for manufacturing purposes to make optimal use of the available leather.

              (1)     Even if this chair may be on display in museums, along with other functional items in museums including, but not limited to, airplanes and other marvels of modern invention, this does not make the design non-functional or turn the functional design into art.  This design is primarily functional.

              (2)     The design is in the Public Domain.

              (3)     There is no secondary meaning for Plaintiff in this line and genre of mid-20th Century designer furniture.

              (4)     Under "Description of Mark" contained in the alleged trademark registration for this design, the mark consists of a "*configuration of a chair with a metal frame and leather cushions.*"  This language describes and is evidence that the design is simple, functional, and generic.

              (5)     Plaintiff's Web site at http://www.knoll.com/products/product.jsp?prod_id=577 states in its advertising of this chair: "the Barcelona chair features the pure compositional structure that now epitomizes Modern architecture."  The structure is primarily functional.

         b.     The design of the alleged <u>"DESIGN" (table) No. 2,894,979</u> is primarily functional.

(1)    With an "X"-shaped horizontal under-support member of an unremarkable simple square glass table top, this design is formed from basic geometric structural, functional shapes.  It is generic, is not the subject of a design patent, and cannot be trade dress.

(2)    On information and belief, this type of "X" support is used for strength, something its architect designer would know, making the design primarily functional.

(3)    On information and belief, there are thousands of glass table tops on similar metal support members on the market not made or licensed by Plaintiff or its predecessors or licensors, which is evidence and part of the functional nature of the design.

(4)    The design is in the Public Domain.

(5)    These and other features make this a practical and functional design but not a purely fanciful one.  Even if this table may be on display in museums, this does not make the design less functional or turn the functional design into art.

(6)    Under "Description of Mark" the mark consists of a "configuration of a table with a metal base and a glass top," making the design generic.

(7)    There is no secondary meaning for Plaintiff in this design and, on information and belief, many makers of 20th Century modern furniture have reproduced this design for over 40 years.

(8)    Knoll's alleged trademarks are an attempt to claim trade dress and substitute and use trademark law as an indefinite patent claim mechanism to stifle an entire industry and to extend or claim a monopoly in such public domain designs.

-20-

1          (9)      Plaintiff's Web site at

2    http://www.knoll.com/products/product.jsp?prod_id=644 states in its advertising of this table:

3    "Mies van der Rohe's Barcelona coffee table displays the pure compositional structure that

4    epitomizes modern architecture."  The structure is primarily functional and generic.

5

6          c.      The design of the "DESIGN" (stool) Reg. No. 2,894,977 is plain and

7    primarily functional.

8

9          (1)      Being of a plain rectangular shape with cushions made of patches of

10   leather or similar material, the design is primarily functional and generic.

11

12         (2)      There are no specifications for the stool in the registration and it

13   might be made of any materials, including, but not limited to, steel legs chrome plated, synthetic

14   leather, and any color.

15

16         (3)      The registration for this item describes it as, "The mark consists of a

17   configuration of a stool with a metal frame supporting a leather cushion," without any

18   specifications so that, on information and belief, it is impossible for any maker of stools to avoid

19   issues with Plaintiff if they make a stool with a metal frame and leather cushion.  The alleged

20   mark and design are functional and generic.

21

22         (4)      These and other features make this a practical and functional design

23   but not a purely fanciful one.  Even if this stool may be on display in museums, this does not make

24   the design less functional or turn the functional design into art.

25

26         (5)      The design is in the Public Domain.

27

28

-21-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

1    (6)    Plaintiff's Web site at

2    http://www.knoll.com/products/product.jsp?prod_id=578 states in its advertising of this stool,

3    "Created by Ludwig Mies van der Rohe for the German Pavilion at the 1929 Barcelona

4    Exposition, the Barcelona chair features the pure compositional structure that now epitomizes

5    Modern architecture."  These designs are primarily simple and functional.

6

7    d.    The "DESIGN" (ottoman) Reg. No. 2,894,980 described on Plaintiff's

8    registration is unremarkable and primarily functional and cannot form a claim of trade dress.

9

10    (1)    The registration describes about this item that it "consists of a

11    configuration of a couch with a metal frame supporting a leather cushion."  This language

12    describes many designs of ottoman style couches and sofas.

13

14    (2)    These and other features make this a practical and functional design

15    but not a purely fanciful one.  Even if this ottoman or sofa may be on display in museums, this

16    does not make the design less functional or turn the functional design into art.

17

18    (3)    There are no specifications, such as what metal the legs are, and no

19    description of the couch.  The description supplied by Plaintiff is plain and generic, and not

20    enforceable as a trademark or trade dress.

21

22    (4)    Plaintiff's Web site at

23    http://www.knoll.com/products/product.jsp?prod_id=579 states of this item, "Designed in 1930 to

24    accompany the Barcelona collection, the Barcelona couch features the hand-buffed frame and

25    hand-pieced leatherwork of traditional craftsmanship."  This description shows it is primarily a

26    functional item and is generic.

27

28    (5)    The design is in the Public Domain.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

1      e.      The C-Shaped spring "Design" (Chair) Reg. No. 2,894,978 is an old

2  standard design of a springing chair, has no secondary meaning, and is primarily functional.

3

4           (1)      It is described as follows:  "the mark consists of a configuration of a

5  chair with a flat metal frame supporting a cushion."  This description could describe any chair by

6  any maker for any cushion supported by a flat metal frame.

7

8           (2)      These and other features make this a practical and functional design

9  but not a purely fanciful one.  Even if this chair may be on display in museums, this does not make

10  the design less functional or turn the functional design into art.

11

12           (3)      On information and belief, this type of chair has been made for

13  decades by many makers of outdoor furniture and in the mid-20th Century-genre it is a very

14  common design.

15

16           (4)      The "C"-shaped spring and cushion are functional, with the

17  supporting spring designed to give it a rocking chair motion when sat on, and as such, the spring is

18  primarily functional and generic.

19

20           (5)      On information and belief, Plaintiff's Web site shows seven different

21  variations of such chairs with the spring shape, including, but not limited to, the unregistered

22  'Cesca' chair that is identical to Plaintiff's registration's design illustration, and Plaintiff's Web site

23  states this design is "the industrial-age aesthetic of cantilevered tubular steel," and thus, makes of

24  it a generic and primarily functional design.

25

26           (6)      The design is in the Public Domain.

27

28

-23-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

f.    The name "Barcelona" claimed as Reg. No 772,313 is weak as a mark as it is, *inter alia*, descriptive of and has come to be known as a genre of furniture that has its origins in the city of Barcelona, Spain since approximately, on information and belief, the 1920s.

(1)    Names of cities as marks have been claimed by many cities.  This mark is weak, is descriptive, misdescriptive of furniture not from Barcelona, and unprotectable by Plaintiff as a trademark.  Plaintiff swore in its applications under penalty of perjury that no other person or entity had the right to use this name, but this assertion is not true.

(2)    On information and belief, use of the name "Barcelona" is primarily geographically descriptive under 15 U.S.C. §1052(e)(2), or misdescriptive for the alleged furniture designs.

### EIGHTH AFFIRMATIVE DEFENSE

*Unclean Hands and Trademark Misuse*

28.    The acts of Plaintiff are illegal, inequitable, and/or unfair.  The enforcement of the alleged marks under such facts is trademark misuse in violation of the antitrust laws of the United States causing damage to Defendants, is misuse of Plaintiff's trademark apart from antitrust law, has not been cured, and is causing damage to business, reputation, goodwill, and other such damages in an amount according to proof.

### NINTH AFFIRMATIVE DEFENSE

*Fair Use; Unprotectible Designs*

29.    The alleged uses by Defendants of names, terms, designs, or devices charged to be in violation of the alleged rights of Plaintiff are uses, other than as a mark, of a term or device

which is descriptive of the goods of Defendants, used fairly and in good faith to describe their geographical or design origin.

30.    The alleged mark designs were and remain, on information and belief, in common use since in or about 1929 by many manufacturers and are in the public domain.

31.    On information and belief, Plaintiff allowed others to make reproductions of and to use the designs, or variations thereof, without complaint for decades.

32.    Fair use, including a nominative or descriptive fair use in connection with advertising or promotion that permits consumers to compare goods or services, is permissible.

33.    Defendants' alleged uses of Plaintiff's purported trademarks and trade dress are protected by the fair use provisions of 15 U.S.C. Section 1115(b)(4).

TENTH AFFIRMATIVE DEFENSE

*Fraud and Lack of Examination in Procurement of Trademark Registrations*

34.    Defendants allege that Plaintiff's registrations were procured by fraud, misrepresentations, and by hiding information, and facts and portions of printed publications, from the United States Patent and Trademark Office during the registration process.

35.    In the examination of Plaintiff's alleged design registrations, the United States Patent and Trademark Office relied upon the representations and claims made by Plaintiff as the applicant before it.  These alleged trademarks were procured without sufficient evidence, in reliance upon Plaintiff's submissions for examination.

36.     The alleged incontestable right to use the alleged mark "Barcelona" was obtained fraudulently.  Plaintiff fraudulently procured registration of the allegedly incontestable mark "Barcelona" and for this reason among others, Defendants contend that the alleged registration is invalid.

37.     Plaintiff alleged, in order to obtain such trademarks, during its trademark registration process, that it has a license dated in or about 1965 from Mies van der Rohe for the designs.

a.     On information and belief, in November, 1965, Mr. van der Rohe entered into a contract with Plaintiff which covered only the right to use Mies van der Rohe's name.  None of his designs were covered.

b.     On further information and belief, Plaintiff only paid Mies van der Rohe a flat-fee in payments for a ten-year period to Plaintiff's economic advantage based on only having the name license.

c.     On information and belief, Plaintiff provided incomplete and misleading information to the United States Patent and Trademark Office in its prosecution of the trademarks and trade dress at issue and withheld information that if it had been disclosed would, on information and belief, have lead to a refusal to register the designs.

d.     Plaintiff declared falsely that, by an agreement dated November 1, 1965, Mies van der Rohe assigned all rights, title, and interest in and to the designs of the Barcelona furniture to Knoll Associates, Inc.

## ELEVENTH AFFIRMATIVE DEFENSE

### *No Likelihood of Confusion*

38.    There is no likelihood of confusion created by any acts of Defendants because, *inter alia*:

a.    The alleged marks themselves are not trademarks and are not confusingly similar,

b.    Plaintiff's alleged marks are not inherently distinctive;

c.    Plaintiff's alleged marks have not attained secondary meaning as to Plaintiff, in that purchasers do not associate the marks with Plaintiff alone;

d.    All the alleged marks of Plaintiff require proof of secondary meaning;

e.    All the alleged marks of Plaintiff are descriptive of the goods they seek to identify;

f.    All the alleged non-word (design) marks of Plaintiff are common and usual and primarily functional shapes or motifs; and

g.    An analysis of the relevant factors set forth in *AMF v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) and its progeny demonstrates that there is no likelihood of confusion based on the facts at issue.

-27-

TWELFTH AFFIRMATIVE DEFENSE

*Marks Not Famous*

39.    Defendants allege that the alleged marks, and each of them, are not famous and are not subject to tarnishment, nor to blurring, or any form of dilution.

THIRTEENTH AFFIRMATIVE DEFENSE

*Violation of Antitrust Laws*

40.    The alleged trademarks asserted by Plaintiff against Defendants in this action have been or are being used to restrain otherwise lawful competition and violate the antitrust laws of the United States.

## **PRAYER OF DEFENDANTS ON PLAINTIFF'S COMPLAINT**

Wherefore, Defendants pray for judgment against Plaintiff Knoll as follows:

(1) That Plaintiff take nothing by its Complaint against Defendants;

(2) That judgment be entered on the Complaint, and each and every claim for relief therein, in favor of Defendants and against Plaintiff or, in the alternative, that the Complaint, and each and every claim for relief therein, be dismissed with prejudice and without leave to amend;

(3) That Defendants be awarded their costs associated with this action;

(4) That Defendants be awarded their reasonable attorneys' fees and costs to the extent provided by law or equity;

(5) That Plaintiff's registrations be cancelled and declared void and unenforceable; and

-28-

1          (6) That Defendants be awarded such other and further relief as the Court may

2    deem just and proper under the circumstances.

3

4

5    **<u>COUNTERCLAIMS</u>**

6          Counterclaimant DANRICK COMMERCE GROUP, LLC a/k/a

7    MODERNCOLLECTIONS.COM (hereafter referred to as "Counterclaimant" or

8    "ModernCollections") complains and alleges against Counterdefendant KNOLL, INC.

9    ("Counterdefendant" or "Knoll") as follows:

10   **INTRODUCTION**

11       1.     This Counterclaim seeks a declaration of legal rights concerning the alleged

12   trademarks bearing Registration Nos.: 2,893,025;  2,894,977;  2,894,980;  2,894,979;  2,894,978;

13   and 772,213, and each of them (the "Purported Trademarks").  The purpose of this Counterclaim is

14   to: (1) settle the disputes regarding the propriety of Counterclaimant's use of the marks, words, and

15   designs purportedly protected by these Purported Trademarks and to prevent Counterdefendant

16   from continuing to harass Counterclaimant with threats and legal actions demanding that

17   Counterclaimant cease business activities as a result of its purported infringement of the Purported

18   Trademarks in connection with its business endeavors.

19

20   **JURISDICTION AND VENUE**

21       2.     This Court has subject matter jurisdiction over this matter as it involves a

22   declaration of rights arising under federal law, namely 15 U.S.C. § 1114 *et seq.*

23

24       3.     This Court also has subject matter jurisdiction over this matter under the diversity

25   jurisdiction provisions of 28 U.S.C. § 1332.  The parties are of diverse citizenship, as on the one

26   hand, Counterclaimant DANRICK COMMERCE GROUP, LLC a/k/a

27   MODERNCOLLECTIONS.COM ("Counterclaimant" or "ModernCollections") is a California

28   limited liability company having its principal place of business in the state of California, while on

-29-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

the other hand, on information and belief, Counterdefendant KNOLL, INC. ("Counterdefendant"
or "Knoll") is a Delaware corporation having its principal place of business in the state of
Pennsylvania.  The matter in controversy exceeds, exclusive of interest and costs, the jurisdictional
minimum sum of $75,000.00, because Counterclaimant would be damaged in excess of
$75,000.00 were it forced to cease use of the marks, words, and designs purportedly protected by
the Purported Trademarks in connection with its business activities and endeavors.

4.    This Court also has subject matter jurisdiction over this matter through the
supplemental jurisdiction provisions of 28 U.S.C. § 1367(a), because this Counterclaim forms part
of the same case or controversy as the original claims brought by Knoll over which this Court has
original jurisdiction.

5.    This action seeks a declaratory judgment under the Declaratory Judgment Act, 28
U.S.C. § 2201.  It presents an actual case or controversy under Article III of the United States
Constitution and serves the essential purpose of clarifying and settling the legal rights at issue.

6.    This Court has personal jurisdiction over Counterdefendant Knoll in this action and
venue is proper in this judicial district because, as alleged below: (a) Counterdefendant Knoll has
intentionally engaged and is engaging in substantial business and the active solicitation of business
within this forum amounting to sufficient minimum contacts; (b) Counterdefendant Knoll has
purposefully availed itself of the privilege of conducting activities in this forum, including the
conduct of its business and related activities; (c) Counterdefendant Knoll (through at least one
satellite facility) and Counterclaimant reside in this judicial district; (d) Counterdefendant Knoll
has consented to personal jurisdiction by filing its Complaint against ModernCollections in this
judicial district; and (e) a substantial part of the acts or omissions giving rise to this Counterclaim
occurred or had effects in this judicial district.

**PARTY ALLEGATIONS**

7.      Counterclaimant ModernCollections is an active California limited liability company, with its principal place of business located at 6736 Preston Ave., Suite D, Livermore, CA, 94551.

8.      On information and belief, Counterdefendant Knoll is a Delaware corporation with its principal place of business located in East Greenville, Pennsylvania, per its Web site at http://www.knoll.com/aboutknoll/overview.jsp.  On further information and belief, Counterdefendant Knoll has at least one satellite office in this judicial district, a showroom and sales office located at 317 Montgomery Street, San Francisco, CA, 94104, through which it engages in substantial business.

**GENERAL ALLEGATIONS**

9.      Counterclaimant ModernCollections is an on-line retailer of modern furniture with an emphasis on modern classics and bauhaus design reproductions inspired by Le Corbusier, Mies van der Rohe, Eileen Gray, and others.  It sources its furniture to offer customers the highest quality products at the most affordable prices.  It uses good sources that meet or exceed quality standards.  Its modern furniture line consists of chairs, sofas, loveseats, loungers, tables, and accessories for individuals, design professionals, and corporations of all sizes.  Counterclaimant ModernCollections is committed to bringing good value to its customers in the marketplace.

10.      On information and belief, Counterdefendant Knoll creates workplace furnishings in the modern design style, including a portfolio of office systems, seating, files and storage, tables and desks, wood casegoods, textiles and accessories.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

## EXISTENCE OF ACTUAL CONTROVERSY

11.     Counterclaimant was previously sued by Knoll in the Southern District of New York regarding the same general facts, occurrences, and claims that surround Knoll's Complaint in this action and Counterclaimant's Counterclaim herein.  Knoll alleges in its Complaint in this action and/or in its prior suit against ModernCollections in the Southern District of New York that it is the legal owner of the Purported Trademarks.

12.     Knoll alleges in its Complaint in this action that ModernCollections is selling a variety of pieces of furniture that infringe the Purported Trademarks.

13.     Knoll alleges in its Complaint in this action that each of the Purported Trademarks remains "in full force and effect," which, on information and belief, is at least in part an allegation that the Purported Trademarks are valid.

14.     Were ModernCollections required to cease selling the furniture that Knoll accuses of infringing the Purported Trademarks, it would lose a substantial amount of sales and business in excess of $75,000.00, thereby harming and damaging ModernCollections.

15.     The Web site of ModernCollections draws distinctions and comparisons between the furniture it sells and that of Knoll, such that no reasonable consumer is likely to be confused as to the source or origin of the goods, and ModernCollections is not aware of any instances of actual confusion by customers or potential customers between its goods and those of Knoll, and such is unlikely.

W02-WEST:6NB1\400736461.2
Case No. 08-CV-0778 MHP

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

# FIRST CAUSE OF ACTION

### *For Declaratory Relief (28 U.S.C. § 2201) – Trademark Invalidity*

16.    Counterclaimant ModernCollections hereby incorporates by reference the allegations of its Affirmative Defenses paragraphs 10-37 set forth hereinabove, inclusive, and its Counterclaim paragraphs 1-15 set forth hereinabove, inclusive, as though fully set forth herein.

17.    In addition to Counterclaimant's factual allegations above that are incorporated into this claim, Counterclaimant reiterates that Knoll has not alleged the Purported Trademarks other than Reg. No. 772,313 are incontestable, and Counterclaimant alleges on information and belief that Reg. No. 772,313 was procured by fraud. The Purported Trademarks are invalid and should be cancelled. Counterclaimant contests the validity of the Purported Trademarks as too generic to receive protection under the trademark laws of the United States, as lacking secondary meaning, and as being merely functional, descriptive, mis-descriptive, and/or in the Public Domain, and for other reasons as asserted. On information and belief, many other companies have used in commerce for many years the marks, words, and designs that Plaintiff is now belatedly and wrongly claiming are protected by the Purported Trademarks. As such, the Purported Trademarks are invalid, as they do not have any special meaning or distinctiveness connected to Plaintiff and its business, and do not have any special source-identifying function in the midst of myriad other similar marks.

18.    Furthermore, whether contestable or incontestable, Counterclaimant challenges Plaintiff's ability to assert any rights in the Purported Trademarks against it on the equitable grounds of laches, estoppel, acquiescence, and waiver. As alleged above, on information and belief, many other companies have used in commerce for many years the marks, words, and designs that Plaintiff is now belatedly and wrongly claiming are protected by the Purported Trademarks. On information and belief, Plaintiff has not challenged those uses by formal or informal means or actions, at least until very recently, thereby failing for years to assert what

-33-

1    rights it claims to have in the Purported Trademarks.  Also, Counterclaimant and/or others used

2    the marks, words, and designs in connection with its business and furniture sales for years with no

3    objection from Plaintiff.  Plaintiff's delay in asserting its purported trademark rights against

4    Counterclaimant and failure to do so as to others was therefore unreasonable and also constituted

5    express or implied consent, laches, and estoppel.  Counterclaimant has proliferated its business

6    and invested significant resources in its business endeavors using the marks, words, and designs

7    that Plaintiff is now belatedly and wrongly claiming are protected by the Purported Trademarks, in

8    reliance upon Plaintiff's inaction and express and/or implied consent, and the use by others, all to

9    Counterclaimant's prejudice.  Counterclaimant would be significantly damaged and prejudiced if it

10    were now forced to cease use of the marks, words, and designs that Plaintiff is now belatedly and

11    wrongly claiming are protected by the Purported Trademarks.

12

13        19.    Because Plaintiff does not possess the rights it claims to have in the Purported

14    Trademarks, or because Plaintiff unreasonably delayed in asserting or should be estopped from

15    asserting its rights in the Purported Trademarks as against Counterclaimant, or because Plaintiff

16    has expressly or impliedly consented to use of the marks, words, and designs that Plaintiff is now

17    belatedly and wrongly claiming are protected by the Purported Trademarks by Counterclaimant

18    and others, and because of Plaintiff's misrepresentations or omissions before the United States

19    Patent and Trademark Office, Plaintiff cannot require Counterclaimant to cease use of the

20    Purported Trademarks and their associated marks, words, and designs, and should not be able to

21    assert any rights it claims to have in the Purported Trademarks against Counterclaimant.

22

23        20.    Because of Knoll's unfounded and broad accusations of trademark infringement

24    now filed against Counterclaimant ModernCollections in no less than three separate actions

25    spanning both the Southern District of New York and the Northern District of California, and the

26    potential threat that Knoll may commence further legal action(s) against Counterclaimant as to its

27    Purported Trademarks, an actual controversy that needs judicial resolution exists between Knoll

28    and Counterclaimant as to the validity or invalidity of the Purported Trademarks.  As such,

-34-

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

Counterclaimant respectfully requests that, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court exercise its equitable powers to issue declaratory relief finding that the Purported Trademarks, and each of them, are invalid, or, in the alternative, that Plaintiff unreasonably delayed in asserting or is estopped from asserting any rights it may have in the Purported Trademarks as against Counterclaimant, or has consented to the use of the Purported Trademarks and associated marks, words, and designs by Counterclaimant.

## SECOND CAUSE OF ACTION

### *For Declaratory Relief (28 U.S.C. § 2201) – Non-Infringement*

21.    Counterclaimant ModernCollections hereby incorporates by reference the allegations of its Affirmative Defenses paragraphs 10-38 set forth hereinabove, inclusive, and its Counterclaim paragraphs 1-20 set forth hereinabove, inclusive, as though fully set forth herein.

22.    Counterclaimant brings this claim for declaratory relief seeking a declaration that its business and endeavors and activities, as well as the marks, words, and designs it uses in connection with its furniture sales, do not infringe the alleged Purported Trademarks.

23.    Because of Knoll's unfounded and broad accusations of trademark infringement now filed against Counterclaimant ModernCollections in no less than three separate actions spanning both the Southern District of New York and the Northern District of California, and the potential threat that Knoll may commence further legal action(s) against Counterclaimant as to its Purported Trademarks, an actual controversy that needs judicial resolution exists between Knoll and Counterclaimant as to the non-infringement of the Purported Trademarks.  Counterclaimant has a reasonable apprehension that Knoll will bring further legal actions relating to the Purported Trademarks against Counterclaimant ModernCollections, including, but not limited to, seeking to broaden its prayer in this action in the form of a First Amended Complaint, and/or dismissing this action and commencing further legal actions against Counterclaimant.  Thus, an actual controversy and the imminent threat of future expanded controversies and legal actions by Knoll against

-35-

1  Counterclaimant specifically regarding the Purported Trademarks exists, which need judicial

2  resolution.

3

4       24.    None of Counterclaimant's business activities or endeavors, or the marks, words,

5  and designs it uses in connection therewith, infringe upon any trademark rights of Knoll.  In

6  addition to Counterclaimant's factual allegations above that are incorporated into this claim,

7  Counterclaimant reiterates that there is no likelihood of confusion between its business, marks,

8  and products, on the one hand, and those of Knoll constituting or incorporating Purported

9  Trademarks, on the other hand.  On information and belief, Knoll contends otherwise.

10

11      25.    Because Counterclaimant has not infringed the alleged Purported Trademarks,

12 Knoll cannot require Counterclaimant to cease use of the marks, words, and designs that Knoll is

13 now belatedly and wrongly claiming are protected by the Purported Trademarks.

14

15      26.    As such, Counterclaimant respectfully requests that, pursuant to the federal

16 Declaratory Judgment Act, 28 U.S.C. § 2201, this Court exercise its equitable powers to issue

17 declaratory relief, finding that the alleged Purported Trademarks of Knoll have not been and are

18 not infringed by Counterclaimant's business activities or endeavors, or by the marks, words, and

19 designs it uses in connection therewith, which Knoll is now belatedly and wrongly claiming

20 infringe upon or are associated with the Purported Trademarks.

21

22      **PRAYER FOR RELIEF ON COUNTERCLAIMANT MODERNCOLLECTIONS'**
        **COUNTERCLAIMS**

23      WHEREFORE, Counterclaimant ModernCollections prays for judgment against

24 Knoll as follows:

25      1.    For a declaration that the trademarks bearing Registration Nos.: 2,893,025;

26 2,894,977;  2,894,980;  2,894,979;  2,894,978; and 772,213 and each of them (the "Purported

27 Trademarks") are invalid, and should be cancelled, or, in the alternative, that Knoll misused its

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF

1  Purported Trademarks and unreasonably delayed in asserting or is estopped from asserting any

2  rights it has in the Purported Trademarks as against Counterclaimant ModernCollections, or has

3  consented to the use of the Purported Trademarks and associated marks, words, and designs by

4  Counterclaimant;

5           2.    For a declaration that the Purported Trademarks of Knoll have not been and

6  are not infringed by Counterclaimant's business activities or endeavors, or by the marks, words,

7  and designs it uses in connection therewith, which Knoll is now belatedly and wrongly claiming

8  infringe upon or are associated with the Purported Trademarks;

9           3.    That Counterclaimant be awarded punitive and enhanced damages against

10  Knoll for the acts complained of;

11          4.    For Counterclaimant's attorneys' fees and costs associated with this

12  litigation; and

13          5.    For such other and further relief as this Court deems just and proper.

14  DATED:  March 12, 2008

15                          Respectfully submitted,

16                          SHEPPARD MULLIN RICHTER & HAMPTON LLP

17

18                          By  /s/ Nathaniel Bruno

19                              NEIL A. SMITH
                               NATHANIEL BRUNO

20

21                              Attorneys for
                           DANRICK COMMERCE GROUP, LLC and DANNY
                                     LOUIE

22

23

24

25

26

27

28

-37-

1

## DEMAND FOR JURY TRIAL

2          In accordance with Federal Rule of Civil Procedure 38(b),

3  Defendant/Counterclaimant DANRICK COMMERCE GROUP, LLC a/k/a

4  MODERNCOLLECTIONS.COM and Defendant DANNY LOUIE demand a trial by jury on all

5  issues raised herein so triable.

6

  DATED:  March 12, 2008

7

                         Respectfully submitted,

8

                         SHEPPARD MULLIN RICHTER & HAMPTON LLP

9

10

                      By  /s/ Nathaniel Bruno

11                              NEIL A. SMITH

12                         NATHANIEL BRUNO

13                          Attorneys for

14           DANRICK COMMERCE GROUP, LLC and DANNY
                            LOUIE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:6NB1\400736461.2

Case No. 08-CV-0778 MHP

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT, AND DANRICK'S COUNTERCLAIMS
FOR DECLARATORY RELIEF